Jasen, J.
(dissenting). In this dispute relating to the right of the petitioners, public assistance recipients, to examine their entire case file, prior to a hearing to determine their eligibility to continue receiving public assistance, I would hold that the petitioners are entitled to examine only "the contents of [the] case file and all documents and records to be used by the agency at the hearing(45 CFR 205.10 [a] [13] [i]; emphasis supplied.) The corresponding State regulation (18 NYCRR 358.9 [d]) correctly restates the Federal disclosure regulation by affording a welfare recipient "copies of all documents to be submitted into evidence at the hearing(Emphasis supplied.)
Before a public assistance recipient’s grant can be affected in any manner by a welfare agency, written notice must be given detailing the reasons for the proposed action. Such notice delineates the issues to be raised at the hearing and only evidence bearing on such issues may be offered to either sustain or defeat the claim of the recipient. Of course, all evidence to be used to prove the agency’s case must be disclosed to the recipient. (Goldberg v Kelly, 397 US 254.) A recipient, by examining the evidence to be used at the hearing in advance, as offered by the agency, can meet the issues presented and offer, if he wishes, evidence to show it is untrue. If the relevant information to be relied upon at the hearing is made available to public assistance recipients, the intent of the Federal and State regulation will be preserved and procedural due process rights of recipients will have been *769 protected. That, in my opinion, is the purpose of the Federal and State disclosure mandates, and not, as the majority hold, that the recipient has unlimited access to the agency file. It is unnecessary and unreasonable to give the Federal regulation such a sweeping interpretation. Such an interpretation will seriously hamper the sound administration of public assistance and hinder the proper handling of some 100,000 individual welfare cases annually where fair hearings are requested.
Accordingly, I would reverse the order of the Appellate Division and dismiss the petition.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.